Filed 3/21/16  P. v. Washington CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TODD JEROME WASHINGTON,<br><br>    Defendant and Appellant. | B266561<br><br>(Los Angeles County<br>Super. Ct. No.VA138105) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed in part, remanded in part with directions.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Todd Jerome Washington appeals from the judgment entered following his conviction by jury of possessing a firearm with a prior violent conviction, a felony (Pen. Code, § 29900, subd. (a)(1))[1], and falsely identifying himself to a peace officer, a misdemeanor (§ 148.9, subd. (a)). Defendant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Defendant filed a supplemental letter. Following our independent examination of the entire record, we conclude that no arguable issues exist, and affirm the judgment of the trial court. We remand only for amendment of the abstract of judgment.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

On March 19, 2015, defendant was charged by information with possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), carrying a loaded firearm in public (§ 25850, subd. (a)), possession of ammunition (§ 30305, subd. (a)(1)), and giving false information to a peace officer (§ 148.9, subd. (a)). The information further alleged that defendant suffered two prior strike convictions (§§ 667, subd. (d), 1170.12, subd. (b)), one of which also was alleged to qualify as a prior prison term (§ 667.5, subd. (b)). The information also charged codefendant Antiana Monet Little with carrying a loaded firearm in public (§ 25850, subd. (a)) and being an accessory after the fact to defendant's possession of a firearm by a felon (§ 32). Both defendant and codefendant pleaded not guilty, and defendant denied the special allegations.

A joint jury trial commenced on July 17, 2015. Prior to jury selection, the court, on its own motion, dismissed without prejudice the felon in possession charge, pursuant to section 1385. The People also informed the court they would not proceed as a three strikes case.

The People called two witnesses in their case-in-chief, sheriff's deputies Miguel Meza and Victor Lemus. Both deputies testified that they conducted a traffic stop in the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

area of Success Avenue and 96th Street around 1:58 a.m. on January 15, 2015. Their patrol car's headlights and spotlights were on and pointing toward the stopped vehicle, and both deputies aimed their handheld flashlights at the vehicle as they approached it. The vehicle contained five occupants: the driver, a front passenger, and three passengers in the backseat. Meza "saw a male sitting in the right rear side of the vehicle hand over a firearm to a passenger sitting on the left driver's side of the car." Meza identified that male in court as defendant, and the person to whom the gun was passed as codefendant Little. Meza demonstrated how defendant moved his right arm in front of his chest at a 90-degree angle and testified that he "saw the upper hammer part of the weapon which was chrome." Meza further testified he saw codefendant Little place the gun under her right thigh area. Both deputies testified that after they detained the car's five occupants, they saw a gun on the backseat where Little had been seated. The gun was loaded with one round in the chamber and five in the magazine. Defendant told Meza his name was Tyrone Power.

Defendant presented a defense of momentary possession. He called as a witness Kayvon Guillory, who had been sitting in the front seat of the car on January 15, 2015. Guillory testified that he brought the gun with him for protection. He did not tell defendant or anyone else in the car that he had the gun. Guillory did not tell the sheriff's deputies the gun was his because he was scared. Defendant also testified in his own defense. He admitted that he touched the gun on January 15, 2015. He testified that he handled the gun only for "a second or two," to get it out of his area or possession because he had a previous felony conviction. He did not intend to hide the gun from the police. He did not see codefendant Little, who was sleeping, touch the gun.

Codefendant Little took the stand in her defense. She testified that she did not know there was a gun in the car and became aware of it only after the police arrested her. She also testified that she did not know that defendant was a convicted felon. Codefendant Little also called as a witness sheriff's detective Chris Mezzano, who testified that defendant told him that defendant took the gun and gave it to the female

3

seated next to him. During the People's rebuttal, Mezzano further testified that defendant identified himself as Tyrone Powell.

The court entered a judgment of acquittal for codefendant Little on its own motion. The jury found defendant guilty of possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)) and giving false information to a peace officer (§ 148.9, subd. (a)) and acquitted him of the remaining charges. Outside the presence of the jury, defendant waived his right to trial on the alleged priors and admitted he suffered a conviction for attempted murder on September 20, 2005.

At the sentencing hearing, defendant asked the court to consider striking his strike prior, the attempted murder conviction, because it was 10 years old, he was 17 at the time, and "[h]e did his time for that." The People opposed the request, noting defendant's poor choices on the night of the incident, the inconsistent stories he told about the incident, and their decision to treat the matter as a one-strike case. The court stated "the People's argument is quite persuasive," and sentenced defendant as though he had only one strike.

The court sentenced defendant to a total of five years on the possession count, calculated as the midterm of two years doubled pursuant to section 1170.12, subdivisions (a)-(d), plus an additional one year pursuant to section 667.5, subdivision (b). The court sentenced defendant to six months in county jail on the misdemeanor, to run concurrently with the sentence on the possession count, and assessed statutory fines and fees. Defendant timely appealed.

## DISCUSSION

Defendant's appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. On December 7, 2015, we sent a letter to defendant's last known address, advising him that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. Defendant responded with a letter dated December 13, 2015, requesting that we "please consider striking [his] strike for which Judge Torribio did not consider. The strike is more then [*sic*] 10 yrs old."

4

We have examined the entire record, and are satisfied appellate counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende*, *supra*, 25 Cal.3d at p. 443.) Defendant admitted his strike, and the record reflects that the court considered and implicitly denied his request that the strike be stricken pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court acted well within its discretion in declining to strike the strike. (*Romero*, *supra*, 13 Cal.4th at pp. 530-531; *People v. Carmony* (2004) 33 Cal.4th 367, 375-376.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances," such as when it fails to recognize its discretion, considers impermissible factors, or imposes a sentence that is arbitrary, capricious, or patently absurd on the facts of the case. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378.) There is no indication that the court engaged in any of these or other verboten behaviors. To the contrary, the People's arguments it found "quite persuasive" concerned the nature and circumstances of defendant's present felonies, his prior conviction, and his background, character, and prospects—all of which are proper considerations. (See *People v. Williams* (1998) 17 Cal.4th 148, 161.) It is also proper for a court to consider the remoteness of the prior conviction, but the court need not give that factor substantial weight where, as here, the record indicates not "a crime-free cleansing period of rehabilitation" (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813) but rather the commission of the instant crimes while defendant remained on parole for his previous strike conviction.

Although our review of the record revealed no arguable bases for reversal, it did reveal an error in the abstract of judgment. "An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, "[c]ourts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases" (*ibid.*), may order correction of an abstract of judgment that does not accurately reflect the oral pronouncement of sentence (*id.* at pp. 185-188). The

5

abstract of judgment in this case is inaccurate. It states that defendant was convicted of violating section 2900, subdivision (a)(1) rather than section 29900, section (a)(1). We therefore direct the court to correct the abstract of judgment and forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation.

## DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to prepare an amended abstract of judgment reflecting a conviction under Penal Code section 29900, subdivision (a)(1), rather than Penal Code section 2900, subdivision (a)(1), and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



COLLINS, J.

We concur:



EPSTEIN, P. J.



WILLHITE, J.

6